Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN A. NORDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10054 | **DATE** | 2/11/13 |
| **CASE TITLE** | Joseph Wilkins v. Dr. Jane Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's renewed motion to proceed *in forma pauperis* [#9] is granted. On the court's own motion, Supt. Hickerson, Sheriff Dart, and Cermak Health Department are dismissed as defendants on initial review pursuant to 28 U.S.C. § 1915A. The clerk is directed to issue summonses for service on all other defendants by the U.S. Marshal. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. **The plaintiff is once again reminded that he is required to provide the court with the original plus a judge's copy of every document filed.**

■ [**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

The plaintiff, a former detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical (mental health) needs. More specifically, the plaintiff alleges that he was denied needed care and treatment for his multiple psychiatric disorders even after he began to experience such symptoms as hearing voices, suffering from severe panic attacks, and having uncontrollable movement.

The plaintiff's renewed motion for leave to proceed *in forma pauperis* is granted. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *but see Johnson v. Doughty*, 433 F.3d 1001, 1017 (7th Cir. 2006) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). The need for treatment of a mental illness has been recognized in this circuit as a serious medical need. *See, e.g., Glick v. Walker*, 272 Fed. App'x 514, 519, 2008 WL 896205, *4 (7th Cir. 2008) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir.1983)).

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, Superintendent Hickerson, Sheriff Dart, and Cermak Health Department are dismissed as defendants on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). With regard to Hickerson and Dart, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.) (citing *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Hickerson and Dart cannot be sued solely on account of their supervisory job titles.

In addition, "Cermak Health Department" is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *see also Fanning v. Cook County*, No. 05 C 2020, 2006 WL 385065, *3 (N.D. Ill. Feb. 15, 2006) (St. Eve, J.) (the Cook County Department of Corrections is not a suable entity); *Fergurson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, *2 (N.D. Ill. Nov. 19, 2004) (Shadur, J.) (the jail is not a suable entity). Accordingly, Cermak health Department is likewise dismissed as a defendant.

The clerk shall issue summonses for service of the complaint on the remaining defendants. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **The plaintiff is once again reminded that he is required to provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.