# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN A. NORDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10054 | **DATE** | June 4, 2013 |
| **CASE TITLE** | Joseph Wilkins v. Dr. Jane Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motions for appointment of counsel nos. [29] and [32] and motion for subpoenas #[30] are denied.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, Joseph Wilkins, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical (mental health) needs. More specifically, the plaintiff alleges that he was denied needed care and treatment for his multiple psychiatric disorders even after he began to experience such symptoms as hearing voices, suffering from severe panic attacks, and having uncontrollable movement.

The plaintiff's motions for attorney representation are denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson*, 433 F.3d at 1006). When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to recruit counsel).

After considering the above factors, the court concludes that the solicitation of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff is an experienced litigator, and his submissions to date have been coherent and articulate. The plaintiff appears more than capable of presenting his case, notwithstanding his mental health issues. Taking psychotropic medications does not necessarily give rise to the "exceptional circumstances" noted in *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See Romanelli*, 615 F.3d at 849 (quoting with approval the district judge's observation that "the whole point of taking anti-depressants is to allow the person taking them to think and act rationally"). It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motions for attorney representation are denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

The plaintiff's motion for subpoenas is likewise denied, without prejudice. The plaintiff should first avail himself of the discovery process to identify any John or Jane Doe defendants. *See* Fed. R. Civ. P. 26, *et seq.*